Grant v. United States

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand eighteen.

PRESENT: DENNIS JACOBS,
  DENNY CHIN,
    Circuit Judges,
  WILLIAM F. KUNTZ,
    District Judge.*

- - - - - - - - - - - - - - - - -X
DERRICK GRANT,
  Petitioner-Appellant,

  -v.-                                    17-838

UNITED STATES OF AMERICA,

---

* Judge William F. Kuntz, of the United States District Court for the Eastern District of New York, sitting by designation.

1

Respondent-Appellee.
- - - - - - - - - - - - - - - - -X

FOR APPELLANT:                          LOUIS R. AIDALA, New York, NY.

FOR APPELLEE:                           THOMAS McKAY (Elizabeth Hanft
                                        and Diane Gujarati, on the brief),
                                        Assistant United States Attorneys, for
                                        Geoffrey S. Berman, United States
                                        Attorney for the Southern District of
                                        New York, New York, NY.

Appeal from a decision and orders of the United States District Court for the Southern District of New York (McMahon, CJ.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the decision and orders of the district court be **AFFIRMED**.

Petitioner-appellant Derrick Grant appeals from a January 11, 2017 decision and order of the United States District Court for the Southern District of New York (McMahon, CJ.) denying his petition under 28 U.S.C. § 2255 to vacate and set aside his conviction on the grounds of ineffective assistance of counsel, and a March 3, 2017 order denying his motion for reconsideration.  On appeal, Grant, who pled guilty pursuant to a plea agreement to murder in furtherance of a criminal continuing enterprise, in violation of 21 U.S.C. § 848(e)(1)(A), and to use, possession, and discharge of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 924(c)(2), argues that he received ineffective assistance of counsel when his prior attorneys failed to assert his right to withdraw his guilty plea.  Grant seeks to vacate his plea agreement and subsequent sentence.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"The Sixth Amendment guarantees the right to effective representation," and when "assessing a claim that a lawyer's representation did not meet the constitutional minimum, we indulge a strong presumption that counsel's conduct

2

f[ell] within the wide range of professional assistance." Lynch v. Dolce, 789 F.3d 303, 311 (2d Cir. 2015) (internal quotation marks omitted, alteration in original). To overcome this strong presumption, a petitioner must establish that: (1) his "counsel's representation fell below an objective standard of reasonableness"; and (2) "any deficiencies in counsel's performance must be prejudicial to the defense[.]" Strickland v. Washington, 466 U.S. 668, 688, 692 (1984). For the reasonableness prong of the Strickland analysis, the petitioner must demonstrate "that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." Kimmelman v. Morrison, 477 U.S. 365, 381 (1986). As to prejudice, the petitioner must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. A court need not address both prongs of the Strickland test; if either fails, the entire claim fails. Id. at 697. "The question of whether a defendant's lawyer's representation violates the Sixth Amendment right to effective assistance of counsel is a mixed question of law and fact that is reviewed de novo." United States v. Blau, 159 F.3d 68, 74 (2d Cir. 1998).

Beginning with the first prong of the Strickland test, even if Grant's counsel intended the July 21st letter to serve as a motion to withdraw, but either failed to properly convey this to the court or misapprehended Fed. R. Crim. P. 11(d)(1), Grant is unable to demonstrate that their actions were objectively unreasonable. Strickland, 466 U.S. at 688. First, because Grant premised his wish to withdraw from the plea agreement on a belief that his attorneys gave him incorrect information, this created a conflict with his counsel. Thus it was prudent for his attorneys to request that new counsel be appointed, since the withdrawal would have been tainted by the conflict. See United States v. Davis, 239 F.3d 283, 286-88 (2d Cir. 2001) (conflict created when plea agreement coerced by attorney, and proper remedy is appointment of new counsel). Second, if Grant's counsel had withdrawn his plea agreement, it would have exposed him to a significantly greater sentence, considering that the charges in his Indictment carried a mandatory sentence of life imprisonment. Therefore it was proper to request that new counsel be appointed to consult with Grant before he withdrew his plea, even assuming he had an absolute right to withdraw the plea.

3

"Judicial scrutiny of counsel's performance must be highly deferential," and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Grant's arguments fail to overcome the strong presumption of reasonableness. Because we find that Grant is unable to satisfy the first prong of the Strickland test, there is no need to reach the second. Id. at 697. Accordingly, the order of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4